# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN THOMAS JONES and<br>SUE LAYMAN JONES,<br><br>　　　　Plaintiffs<br><br>vs.<br><br>PLZ AEROSCIENCE CORPORATION,<br>and SWIFT RESPONSE LLC,<br><br>　　　　Defendants | )<br>)<br>)<br>)<br>)　CIVIL ACTION NO.<br>)<br>)　1:19-cv-00276<br>)<br>)　JURY TRIAL DEMANDED<br>)<br>)<br>) |

## COMPLAINT FOR DAMAGES

**COME NOW** John Thomas Jones and his wife, Sue Layman Jones, who bring this action for injuries and damages:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs, John Thomas Jones and Sue Layman Jones, are residents of Hamilton County, Tennessee, who live at 6230 Jacq Court, Hixson, Tennessee 37343.

2. Defendant, PLZ Aeroscience Corporation, is a Delaware corporation, with its principal office at 2651 Warrenville Road, Suite 300 Downers Grove, Illinois 60515, and can be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

3. Defendant, PLZ Aeroscience Corporation, is a manufacturer of "specialty aerosol and liquid products" and it manufactured the Flex Seal aerosol

product which is the subject of this lawsuit.

4. Defendant, Swift Response LLC, is a Florida limited liability company, with its principal office at 2690 Weston Road, Suite 200, Weston, Florida, and can be served with process through its registered agent, GY Corporate Services, Inc., 777 S. Flagler Drive, Suite 550E, West Palm Beach, FL 33401.

5. Defendant, Swift Response LLC designs, markets, distributes and sells Flex Seal products, including the aerosol product which is the subject of this lawsuit.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiffs and Defendants.

7. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim occurred in this District, and because Defendants conduct substantial business in this District.

8. Defendants actively sell, market, and promote Flex Seal products to consumers in the State of Tennessee on a regular and consistent basis.

9. This Court has personal jurisdiction over the Defendants because they have done business in the State of Tennessee, have committed a tort in the State of Tennessee, as herein described, have substantial and continuing contact with the State of Tennessee, and derive substantial revenue from goods used and consumed within the State of Tennessee.

## STATEMENT OF FACTS

10. In April 2019, John Jones ordered two 14 oz cans of black Flex Seal aerosol spray through Amazon.com.

11. John Jones received delivery of the Flex Seal aerosol spray products on or about April 14, 2019.

12. The two cans of Flex Seal were stored in Mr. Jones' garage area.

13. On or about April 15, 2019, at approximately 3:00 pm, John Jones planned to spray the inside of a large flowerpot, which was used for a water feature in his back yard, with Flex Seal in order to seal the pot and prevents leaks.

14. The weather was clear, with sunshine and temperatures in the 60's.

15. John Jones positioned the flowerpot in an open area in the backyard, with no potential sources of ignition or sparks anywhere nearby.

16. John Jones opened one of the Flex Seal cans and began spraying the interior of the pot, according to the instructions on the label. After a short period of time spraying the product, there was a loud pop, and a sudden flash of fire and flame, which burned John Jones' face, arms and hair. The fire continued to burn in the pot for approximately 30 to 45 seconds, as Mr. Jones attempted to extinguish the fire from his face, hair and arms.

## DUTIES AND LIABILITY OF THE DEFENDANTS

17. The Defendants had a duty to use the greatest care to ensure the safety of their products sold to the public.

18. Under no circumstances should an aerosol can of Flex Seal spontaneous combust or ignite in the absence of any source of ignition, and when used

according to the instructions provided with the product.

19. Defendant, PLZ Aeroscience, Inc. was a manufacturer of the Flex Seal product that injured Plaintiff, as defined by T.C.A. § 29-28-102(4).

20. Defendant, Swift Response LLC was a manufacturer of the Flex Seal product that injured Plaintiff, as defined by T.C.A. § 29-28-102(4).

21. Defendant, Swift Response LLC was a seller of the Flex Seal product that injured Plaintiff, as defined by T.C.A. § 29-28-102(7).

22. The can of Flex Seal was in a defective condition, as defined by T.C.A. § 29-28-102(2), at the time it left the control of the Defendants, and the Defendants are strictly liable to Plaintiffs for the injuries and damages it caused.

23. The can of Flex Seal was unreasonably dangerous, as defined by T.C.A. § 29-28-102(8), at the time it left the control of the Defendants, and the Defendants are strictly liable to Plaintiffs for the injuries and damages it caused.

24. The can of Flex Seal was in a defective condition when delivered to Plaintiff.

25. The can of Flex Seal was unreasonably dangerous when delivered to Plaintiff.

26. The Defendants failed to exercise reasonable care in designing, manufacturing, assembling, handling, storing and distributing the Flex Seal aerosol product.

27. The Defendants failed to warn of the dangerous and defective condition of the Flex Seal aerosol product.

28. As a result of the defective and dangerous condition of the Flex Seal aerosol product, Plaintiff was severely burned.

29. As a result of the Defendants' failure to use the greatest care to ensure the

safety of their product, Plaintiff was severely burned.

30. As a result of the negligence of the Defendants, Plaintiff was severely burned.

31. Defendants expressly warranted that Flex Seal was safe and well accepted by users.

32. Flex Seal aerosol does not conform to those express representations as the product is not safe, and Defendants failed to warn of the serious risk of combustion in the absence of any ignition source.

33. Plaintiff relied upon the express warranties of the Defendants, purchased and used the product as recommended, and was seriously injured as a result.

34. The Defendants also breached an implied warranty of merchantability and fitness, as the Flex Seal was not safe to use.

35. The Defendants had a statutory duty to refrain from making false or fraudulent representations and/or from engaging in deceptive acts or practices in the sale and promotion of Flex Seal pursuant to T.C.A. § 47-18-104(b)(5) and (7).

36. The Defendants engaged in unfair, deceptive, false and/or fraudulent acts and/or practices in violation of Tennessee Consumer Protection Laws through false and misleading promotion of Flex Seal designed to induce Plaintiff to purchase and use the product.

37. The Defendants' conduct as described constituted unfair and deceptive acts and practices, including, but not limited to publishing instructions and product information containing inaccurate and incomplete factual information; misrepresenting the nature, quality, and characteristics of the product; and engaging in fraudulent or deceptive conduct that created a likelihood of

confusion or misunderstanding.

38. The Defendants misrepresented the alleged benefits of Flex Seal, failed to disclose material information concerning the risks of combustion in the absence of any source of ignition, misrepresented the effectiveness, efficacy, and safety of Flex Seal, and otherwise engaged in fraudulent and deceptive conduct which induced Plaintiff to purchase and use the product.

39. Defendant, Swift Response LLC, was either a manufacturer, or seller of the Flex Seal aerosol product, and as such it exercised substantial control over the design, testing, manufacture, packaging or labeling of the product that caused the injury to Plaintiff.

40. The Defendants knew of the risks of combustion, fire and serious injury to persons using their product exactly as recommended, but continued to maliciously, intentionally, fraudulently and recklessly promote and sell it.

41. Such malicious, intentional, fraudulent and reckless acts were committed by a person or persons employed in a management capacity while such persons were acting within the scope of employment;

42. Defendants were reckless in hiring, retaining, supervising or training such agents or employees and that recklessness was the proximate cause of Plaintiff's injury.

43. Defendants authorized, ratified or approved such act or omissions with knowledge or conscious or reckless disregard that such acts or omissions could cause injury to consumers using as recommended by the Defendants.

## INJURIES AND DAMAGES

44. As a direct and proximate result of the Defendants' acts and omissions herein described, Plaintiff John Thomas Jones has suffered burns, disfigurement, injury to his lungs, physical pain, mental anguish, loss of enjoyment of life, impairment of the ability to enjoy the normal pleasures of life, permanent physical impairment and dysfunction, partial disability, and other compensable damages. He will suffer losses in the future, including capacity to work and labor. He has experienced great pain and suffering and will continue to experience pain and suffering in the future. He has incurred substantial medical expenses and will continue to incur medical expenses in the future.

45. As a direct and proximate result of the Defendants' acts and omissions herein described, Plaintiff Sue Layman Jones has suffered damages including the loss of affection, society, comfort, support, consortium, and companionship of her husband.

46. Plaintiffs seek to recover from the defendants an amount to be determined by the trier of fact, not to exceed $900,000.00.

47. To the extent one or more of the Defendants are found to have acted maliciously, intentionally, fraudulently or recklessly, Plaintiffs are further entitled to have and recover of such Defendants an additional sum as punitive damages in an amount to be determined by the jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request and demand the following relief:

a. That this action be tried by a jury;

b. That they have judgment against the Defendants for compensatory damages to be determined by a jury;

c. That they have judgment against the Defendants for punitive damages in an amount to be determined by the jury;

d. That they have and recover reasonable attorneys' fees;

e. That they recover court costs and discretionary costs; and

f. For such other and further relief as may be just, equitable and proper.

Respectfully submitted,

**THE HAMILTON FIRM**

By: s/ Patrick A. Cruise
**HUBERT E. HAMILTON, BPR #012530**
**PATRICK A. CRUISE, BPR #024099**
*Attorneys for Plaintiffs*
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Phone: (423) 634-0871
Fax: (423) 634-0874